UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT

| | |
|---|---|
| JB JAMES CONSTRUCTION LLC. | CIVIL ACTION NO. 13-2490 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| RIVER CITIES SAWING LLC., DURHAM FUNDING, AND TRAVELERS LLOYDS INSURANCE COMPANY | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Judgment on Pleadings or Alternatively a Motion for Summary Judgment. (Record Document 24). This court makes this ruling based on Rule 56. The motion was filed by Defendant, The Travelers Lloyds Insurance Company ("Travelers"). (Record Document 71). Defendant asks the Court to dismiss the claims filed against it by Plaintiff, JB James Construction LLC ("James"). (Record Document 24). More specifically, they ask the Court to hold that Louisiana's Direct Action statute prohibits an insurer such as Travelers from being sued unless one of the six enumerated circumstances has occurred. Id.

James and Defendant, Durham Funding, oppose the motions. (Record Documents 26 & 27). Plaintiff and Defendant argue that two of the six enumerated circumstances might be applicable, making Travelers fall within the Direct Action statute. Id. For the reasons which follow, the Motion for Judgment on Pleadings or Alternatively a Motion for Summary Judgment (Record Document 24) is **DENIED**.

**BACKGROUND**

JB James filed suit on July 10, 2013 against Durham, River Cities, and Travelers, the alleged foreign insurer of River Cities. (Record Document 1). The suit was removed to the Western District of Louisiana by Travelers on August 15, 2013. Id. JB James alleges that River Cities performed work on three segments of Interstate 49 and the work was defective. The work was performed pursuant to three subcontract agreements between JB James and River Cities. (Record Document 1-3). A Factoring Agreement was entered into by River Cities and Durham, whereby River Cities agreed to sell and Durham agreed to purchase and process River Cities' accounts receivable. Id. at ¶15. This included accounts receivable for work done by River Cities on the I-49 project. Durham became subrogated to the rights of River Cities and is seeking the unpaid balance of $194,734.93 for work that was performed by River Cities. Id. at ¶16.

Service of process on River Cities was attempted via Louisiana long arm statute using River Cities' published address. JB James was not able to perfect service and River Cities was dismissed without prejudice on February 26, 2014 pursuant to Local District Court rule 41.3. (Record Document 22).

Travelers filed this motion following the dismissal of River Cities. (Record Document 24). They make the claim that JB James cannot maintain a direct action against Travelers alone pursuant to La R.S. §22:1269. Id. Travelers argues that there are six enumerated circumstances when a plaintiff can sue a tortfeasor's liability insurer alone, and none of those circumstances are present in this case. Id. In their motion, Travelers asserts that River Cities has an agent according to the Texas Secretary of State's website that could have be used for the purposes of service. Id.

JB James and Durham have both filed oppositions to the Motion for Judgment on Pleadings/MSJ, arguing that two of the enumerated circumstances could be applicable to this case. (Record Documents 26 & 27). The status of River Cities is unclear at this time as evidenced by a document attached to JB James' opposition, which is titled "Forfeiture pursuant to Section 171.309 of the Texas Tax Code of River Cities Sawing, LLC." The document dated February 8, 2013, states:

The Secretary of State finds that:

> 1. The Secretary has received certification from the Comptroller of Public Accounts under Section 171.302 of the Texas Tax Code indicating that there are grounds for the forfeiture of the taxable entity's charter, certificate or registration; and
> 2. The Comptroller of Public Accounts has determined that the taxable entity has not revived its forfeited privileges within 120 days after the date that the privileges were forfeited.
> Therefore, pursuant to Section 171.309 of the Texas Tax Code, the Secretary of State hereby forfeits the charter, certificate or registration of the taxable entity as of the date noted above and records the notice of forfeiture in the permanent files and records of the entity.

(Record Document 27-2).

## ANALYSIS

**I. Summary Judgment Standard.**

Rule 56(a) provides, in pertinent part:

> Motion for Summary Judgment. A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense - on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

F.R.C.P. 56(a) (emphasis added)[1]; see also Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F. 3d 725, 728 (5th Cir. 2010).[2] "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F. 3d 311, 315 (5th Cir. 2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F. 3d 536, 540 (5th Cir. 2005). The Fifth Circuit has cautioned that "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy" the nonmovant's burden in a motion for summary judgment. Ramsey v. Henderson, 286 F. 3d 264, 269 (5th Cir. 2002).

**II. Direct Action Statute**

 La. R.S. 22:1269 controls when a direct action suit is appropriate:

 B. (1) The injured person or his survivors or heirs mentioned in Subsection

---

[1] The Advisory Committee Notes reflect that subsection (a) was amended in 2010 "to make clear at the beginning that summary judgment may be requested not only as to an entire case but also as to a claim, defense, or part of a claim or defense" and "the common phrase 'partial summary judgment'" was added.

[2] The Court notes that amended Rule 56 requires that there be "no genuine dispute as to any material fact," but his change does not alter the Court's analysis. F.R.C.P. 56(a) and Advisory Committee Notes.

> A of this Section, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only; however, such action may be brought against the insurer alone only when at least one of the following applies:
>
> (a) The insured has been adjudged bankrupt by a court of competent jurisdiction or when proceedings to adjudge an insured bankrupt have been commenced before a court of competent jurisdiction.
> (b) The insured is insolvent.
> (c) Service of citation or other process cannot be made on the insured.
> (d) When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons.
> (e) When the insurer is an uninsured motorist carrier.
> (f) The insured is deceased.

Travelers makes the argument that none of the above enumerated circumstances are present in this case and therefore they cannot be sued without River Cities being a party to the lawsuit. Both James and Durham argue that § 1269(B)(1)(b) and/or (B)(1)(c) might be applicable to this case.

The first possible subsection of §1269 that might be applicable is that the insured, in this case River Cities, is insolvent. James has provided evidence that River Cities' taxable entity charger, certificate or registration has been forfeited. (Record Document 27-2). It is unclear whether this means that River Cities is insolvent, however it raises a question of material fact. It is necessary to determine the solvency of River Cities in order to determine whether §1269(B)(1)(b) applies such that Travelers may be sued under the direct action statute without River Cities being named in the lawsuit.

The second possible applicable subsection is that service of citation or process

cannot be made on the insured. It is well established that James attempted service of process upon River Cities using the Louisiana long arm statute. Service was not made as the envelope was returned with "UTF" marked on the outside, believed to indicate they were "unable to forward" the envelope. (Record Document 27-4). Travelers has made the argument that there is a listed agent for River Cities, and that James could have served the suit to the agent and complied with the service requirements of this court. It is unclear whether service could have been made upon the agent, and if such information was readily available at the time the original attempted service was made. For this reason there is a dispute of material fact as to whether service of citation or process could be made upon the insured.

## CONCLUSION

Defendant's Motion for Judgment on Pleadings or Alternatively a Motion for Summary Judgment is hereby **DENIED.**

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 28th day of September, 2015.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE